IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEFINE RIVERA, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE ADVANCED INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 2:24-cv-00462<br><br>(Removed from the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, Case No. 231202744) |

## NOTICE OF REMOVAL

Defendant Progressive Advanced Insurance Company ("Progressive") hereby removes the above-captioned action from the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division, pursuant to Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441, 1446, and 1453. Removal is proper on the following grounds:

1. Plaintiff Josefine Rivera commenced this action in the Court of Common Pleas of Philadelphia County by filing the Complaint on or about December 22, 2023. Progressive was served with the Complaint on January 2, 2024.

2. Plaintiff alleges that she was involved in a motor vehicle accident that caused her serious injuries and damages. (Compl. ¶ 10.) On or about July 6, 2020, Plaintiff was operating a police vehicle owned by the City of Philadelphia when she was negligently hit by a vehicle owned and driven by Steven C. Moyer while she was parked (the "Accident"). (Compl. ¶¶ 6-10.)

3. Plaintiff seeks declaratory, compensatory and injunctive relief on behalf of herself and the following class: "(a) who sustained bodily injury in a motor vehicle accident while

1

occupying a non-owned motor vehicle furnished or made available for their regular use, or the regular use of a family member or rated resident; (b) who were the named insured or the insured under a policy providing uninsured and/or underinsured motorist coverage under a policy in accordance with the MVRFL; (c) who made claim upon Progressive under that policy for recovery of uninsured and/or underinsured motorist benefits; and (d) whose claim for recovery of uninsured and/or underinsured motorist benefits was denied by reason of the regular use exclusion." (Compl. ¶¶ 3, 42.)

4. Plaintiff individually seeks $15,000 in compensatory damages. (Compl. Wherefore Clause, p. 20.)

## GROUNDS FOR REMOVAL

5. This case is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.,* minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5,000,000 or more, aggregating all claims, but excluding interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). As described below, Progressive believes in good faith that each of these requirements is met here.

    **A.** **Minimal Diversity Exists.**

6. Plaintiff is a resident and citizen of Pennsylvania. (Compl. ¶ 1.)

7. Progressive is a corporation organized under the laws of the State of Ohio and maintains its principal place of business in the State of Ohio. (Compl. ¶ 2.) Progressive is therefore a citizen of the State of Ohio.

8. Minimal diversity of citizenship therefore exists under CAFA. 28 U.S.C. § 1332(d)(2)(A).

**B.  Proposed Class Consists of More than 100 Members.**

9. The number of members of the proposed class is not less than 100. *See* 28 U.S.C. § 1332(d)(5)(B). Progressive data confirms that there are thousands of claims where a claim for underinsured/uninsured motorist coverage was opened, but no payment was made, including hundreds of claim denials during the potential statute of limitations.

10. Accordingly, the putative class exceeds the 100-member threshold for CAFA jurisdiction.

**C.  Amount in Controversy Exceeds $5,000,000.**

11. Under CAFA, district courts have original jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). A defendant seeking removal need not admit liability in order to meet the amount in controversy. Rather, the Notice of Removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

12. Progressive data indicates several hundred underinsured/uninsured motorist claims where coverage was denied during the potential statute of limitations, including Plaintiff's claim. The potential exposure on these claims range from a minimum of $15,000 to up to $1 million. Even conservatively estimating that only 100 of the coverage denials relate to Progressive's regular use exclusion and those claims have an average exposure of $50,000, CAFA's $5 million amount in controversy is satisfied. Further, these estimates do not include claims where the data does not

indicate why the claim was closed without payment or claims with an incorrect or unclear reason for closure of the claim without payment.  These claims further increase the amount in controversy.

13. In addition, Plaintiff seeks declaratory and injunctive relief, which should also be included in calculating the amount in controversy.  *See, e.g.*, *Lewis v. Ford Motor Co.*, 610 F. Supp. 2d 476, 485-86 (W.D. Pa. 2009) (including injunctive relief when calculating the amount in controversy).

14. Accordingly, while Progressive does not concede that Plaintiff or members of the putative class are entitled to the damages sought or any other relief, Progressive believes in good faith that the amount in controversy exceeds the sum or value of $5,000,000.

## COMPLIANCE WITH REMOVAL STATUTE

15. Venue is proper in this Court because the Court of Common Pleas of Philadelphia County is located within the Eastern District of Pennsylvania, Philadelphia Division.

16. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  28 U.S.C. § 1446(a).

17. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of service.

18. A copy of the Complaint and all other pleadings served to date are attached hereto as Exhibit A.

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and filed with the Court of Common Pleas of Philadelphia County.

This 31st day of January, 2024.

                                                 */s/ Kymberly Kochis*
                                                 Kymberly Kochis (Pa. Bar No. 319846)
                                                 **EVERSHEDS SUTHERLAND (US) LLP**

1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone:  (212) 389-5068
Facsimile:  (212) 389-5099
kymkochis@eversheds-sutherland.com

**Attorneys for Defendant**
**PROGRESSIVE ADVANCED**
**INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

This is to certify that on January 31, 2024, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, and copies were served on the following attorneys of record by United States Mail, first class postage prepaid, and by email, addressed as follows:

James C. Haggerty
HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103
jhaggerty@hgsklawyers.com

Scott Cooper
SCHMIDT KRAMER P.C.
209 State Street
Harrisburg, PA 17101
scooper@schmidtkramer.com

Jonathan Shub
SHUB & JOHNS LLC
4 Tower Bridge, Suite 400
200 Bar Harbor Drive
West Conshohocken, PA 19428
jshub@shublawyers.com

John P. Goodrich
GOODRICH & ASSOCIATES, P.C.
429 Fourth Avenue, Suite 900
Pittsburgh, PA 15219
jack@goodrichpc.com

*/s/ Kymberly Kochis*
Kymberly Kochis